NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES HAUGH, Individually and as Managing Member of H&M DEVELOPMENT LLC, a New Jersey Limited Liability Company, and as a Member of Prescription Discounters of Canada Corporation; CHRISTINE HAUGH, Individually and as a Member of Prescription Discounters of Canada Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY MYER, Individually and as Member of H&M DEVELOPMENT LLC, a New Jersey Limited Liability Company, and as Member of Prescription Discounters of Canada Corporation; MYER BUILDERS, a New Jersey Sole Proprietorship; PRESCRIPTION DISCOUNTERS OF CANADA CORPORATION, a New Jersey Corporation; PATRICE A. MYER, Individually and as Member of Prescription Discounters of Canada Corporation, <br><br> Defendants. | Civil Action No. 06-cv-2975 (JHR) <br><br> **OPINION** and **ORDER** |

**RODRIGUEZ**, Senior District Judge:

  **THIS MATTER** comes before the Court on motion of Defendants Jeffrey Myer, Myer Builders, Prescription Discounters of Canada Corp., and Patrice A. Myer's (collectively

"Defendants") asking the Court to vacate an entry of default against them on September 28, 2006.  For the reasons set forth below, Defendants' motion will be granted and Defendants will be ordered to file an answer to the Complaint within ten days.

## I. Factual Background and Procedural History

Plaintiff Charles Haugh and Defendant Jeffrey Myer formed H&M Development ("H&M") in 2002 to build a self-storage facility in Williamstown, New Jersey.  (Compl. at ¶¶ 8, 11; Defs.' Br. in Supp. of Notice of Mot. to Vacate Default at 2 ("Defs.' Br.").)  Plaintiffs, Charles and Christine Haugh (collectively "Plaintiffs") allege that they secured approximately $1.6 million in loans on behalf of the business–including using H&M, their primary residence, and their vacation home as collateral–while Jeffrey Myer ignored capitals calls to inject money into H&M and used company funds for personal or unexplained uses.  (Compl. at ¶¶ 15, 25-27, 30, 33, 35-37, 41-47, 54.)  Defendants argue the capital calls are inoperable because they amount to fraud; they claim that Plaintiffs induced Defendants into altering the H&M's operating agreement to make exorbitant capital calls.  (Defs.' Br. at 6-8.)

Plaintiffs filed a twelve-count complaint against Defendants on June 29, 2006, asking for Jeffrey Myer's judicial dissociation/expulsion from H&M and an accounting, and alleging two counts each of fraud and breach of fiduciary duty, and one count each of personal liability, negligence, breach of good faith and fair dealing, unjust enrichment, conversion, and breach of contract.  (See generally Compl.)  Defendants' attorney wrote Plaintiffs' attorney on August 3, 2006 thanking him for more time in answering the complaint while he determined which of the defendants he could represent.  (See Pls.' Req. to Enter Default, Aff. of Tennant D. Magee, Sr.) Plaintiffs' attorney responded to Defendants' attorney on August 24, 2006 and stated that

Defendant had not corresponded with him or filed responsive pleadings for three weeks. As a result, he intended to move for a default judgment if Defendants' attorney did not return his correspondence within five days. (Id.) Defendants' attorney requested more time on August 28, 2006 to determine who would represent one of the defendants. (Id.) Plaintiffs' attorney answered Defendants' attorney on September 18, 2006 and stated that he would file for a default judgment in five days due to Defendants' lack of responsive pleadings. (Id.)

Plaintiffs filed for an entry of default on September 27, 2006, which was granted by the clerk the next day. (Id.) They then made an application for default judgment on November 27, 2006. (Pls.' Application for Default J.) Defendants filed a Motion to Vacate the Default on December 4, 2006. (Defs.' Br.)

## II. Discussion

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Defaults are generally disfavored and any doubts concerning whether default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983) (citing Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)). The decision to set aside an entry of default is primarily within the Court's discretion. Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002); Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). In deciding a motion to set aside an entry of default, the Court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (citing Gross, 700 F.2d at 122; Feliciano v. Reliant Tooling Co., Ltd.,

3

691 F.2d 653, 656 (3d Cir. 1982); Farnese, 687 F.2d at 764)).  The Court balances these factors based on explicit findings of fact derived from the pleadings.  See Emcaso Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

### A.     Plaintiffs will not be Prejudiced by Vacating Entry of Default

This Court must first determine whether vacating the entry of default will prejudice Plaintiffs.  The decision will depend upon a consideration of the following factors: (1) loss of available evidence; (2) increased potential for fraud; and (3) substantial reliance on the entry of default.  Feliciano, 691 F.2d at 657.  Here, there is no suggestion that any of the three factors considered in Feliciano apply.  No discovery has been conducted, so there is no indication that evidence has been lost.  Additionally, this case primarily concerns disputes over operating agreements and internal company business, and the present record does not indicate that material concerning disputes over those items have been lost.  Also, there is no indication there is an increased potential for fraud between Plaintiffs and Defendants, since, for practical purposes, their business association is at an end.  Finally, there is no reliance here on the entry of default.  A judgment of default has not been entered and, even if it had, determining damages would be difficult without an evidentiary hearing.  Plaintiffs do not seek a sum certain and the facts are complex.  Therefore, Plaintiffs will not be prejudiced by this Court vacating the entry of default.

### B.     Defendants can Show a Meritorious Defense to the Underlying Action

A defendant's ability to show he can assert a meritorious defense to the underlying action "is the critical issue because without a meritorious defense [the defendant] could not win at trial . . . [and] there would be no point in setting aside the default judgment . . . if [the defendant] could not demonstrate the possibility of his winning."  $55,518.05 in U.S. Currency, 728 F.2d at 195.

A meritorious defense is one that would be a complete defense at trial. Hritz, 732 F.2d at 1181. A defense is not meritorious, however, if it is "facially unmeritorious," Emcasco, 834 F.2d at 74 (internal citation and quotation marks omitted), and fashioned from simple denials and "conclusionary language," $55,518.05 in U.S. Currency, 728 F.2d at 195. When there is no answer to a complaint, it can be difficult for a court to evaluate the meritorious defense standard. See Hill v. Williamsport Police Dept., 69 Fed. App. 49, 52 (3d Cir. 2003).

Even though Defendants have not answered Plaintiffs' complaint, they have laid out a defense in their motion to vacate the default. (See Defs.' Br. at 6-8.) Defendants answer Plaintiffs' claim to expel Defendant Jeff Myer from H&M by claiming the capital calls on which Plaintiffs base the expulsion are fraudulent. (Id. at 6-7.) More specifically, Defendants argue that Plaintiffs induced them to amended the operating agreements under false pretenses in order to vastly increase the amount available though capital calls. (Id. at 7.) If proven, this would be a complete defense to Plaintiffs' complaint. Therefore, Defendants can show a meritorious defense.

## C.  Defendants' Failure to Answer the Complaint did not Show Flagrant Bad Faith or Callous Disregard of Responsibility

Finally, was the default a result of Defendants' culpable conduct or the result of excusable neglect? Culpable conduct is that which is done willfully or in bad faith. Gross, 700 F.2d at 124 (citation omitted). This requires more than "mere negligence," such as "acts intentionally designed to avoid compliance with court notices." Hritz, 732 F.2d at 1183. Even when a defendant's neglect in answering a complaint is inexcusable, that is not evidence of "flagrant bad faith." Emcasco, 834 F.2d at 75 (quoting Nat'l Hockey League v. Metro. Hockey

Club, 427 U.S. 639, 643 (1976)) (internal quotation marks omitted).  Taking all of the factors as a whole, dismissal should be the last and not the first sanction.  Id. (quoting Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 807 (3d Cir. 1986)).

Defendants acknowledge that their conduct may show "inappropriate casualness . . . to [their] obligation," but argue it does not rise to the level of bad faith and willfulness needed to warrant refusal to vacate entry of default.  (Defs.' Br. at 10.)  The exhibits and certifications in this case show some confusion over which parties Defendants' attorney could represent without a conflict of interests.  (See, e.g., Pls.' Req. to Enter Default; Aff. of Daniel Posternock at ¶ 4.)  It also seems that Plaintiffs' attorney extended the time Defendants' attorney had to answer the complaint while Defendants' attorney sorted out this issue.  (See Pls.' Req. to Enter Default; Aff. of Daniel Posternock at ¶¶ 2-4.)  While this Court does not condone Defendants' failure to answer the complaint, filed on June 29, 2006, see Emcasco, 834 F.2d at 75, it does not find that the failure rises to the level of flagrant bad faith and willfulness, which would require upholding the entry of default.

### III. Conclusion

This Court finds, (1) Plaintiffs will not be prejudiced by this Court vacating the entry of default, (2) Defendants allege what may amount to a meritorious defense, (3) Defendants' failure to answer the complaint does not rise to the level of flagrant bad faith.

**THEREFORE**, for the reasons set forth above,

**IT IS** this 13th day of February, 2007, hereby

**ORDERED** that the entry of default against Defendants pursuant to Fed. R. Civ. P. 55 is **VACATED**;

**IT IS FURTHER ORDERED** that Defendants shall serve their answer to the complaint within ten days of the filing of this order;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for Default Judgment [12] is **DENIED**.

/S/ Joseph H. Rodriguez

JOSEPH H. RODRIGUEZ, U.S.D.J.